

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 07 2015

JAMES W. McCORMACK, CLERK
By: M. Tinsa
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| BROOKE CALDWELL<br><br>               Plaintiff,<br><br>-against-<br><br>AMERICAN MEDICAL COLLECTION AGENCY<br><br>A New York Corporation<br><br>               Defendant. | Civil Action No. 4:15 CV 194-SWW<br><br>This case assigned to District Judge Wright<br>and to Magistrate Judge Deere |

## COMPLAINT

COMES NOW the Plaintiff, Brooke Caldwell, (Caldwell), by and through her attorney, Cecille Doan, of the Center for Arkansas Legal Services, and files this Complaint against American Medical Collection Agency (AMCA), and states:

### STATEMENT OF JURISDICTION

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

3. The actions alleged in this Complaint occurred within the State of Arkansas.

4. Venue is proper pursuant to 28 U.S.C. §1391.

## PARTIES TO THE CLAIM

5. The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6. Caldwell is a resident of North Little Rock, Pulaski County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

7. At the time of the incident described further herein, AMCA was a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and A.C.A 17-24-101, et seq., and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

8. AMCA is not licensed by the Arkansas State Board of Collection Agencies nor is AMCA registered with the Arkansas Secretary of State. AMCA is being served pursuant to Arkansas Code Annotated §17-24-403 by delivering a copy of the Complaint to the Arkansas Secretary of State for service at the following address:

> 4 Westchester Plaza
> Suite 110
> Elmsford, NY  10523

## FACTUAL BACKGROUND

9. The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10. On February 23, 2015, AMCA mailed a letter to Caldwell in an attempt to collect a medical debt. **Exhibit 1.**

11. The letter states that AMCA had corresponded with Caldwell previously regarding the alleged medical debt.

12. The letter AMCA sent to Caldwell in an attempt to collect the alleged medical debt was addressed to Caldwell's residence in North Little Rock, Arkansas.

13. On March 30, 2015, a representative of AMCA called Caldwell in an attempt to collect the alleged debt.

14. During the March 30, 2015 telephone call, Caldwell informed AMCA that she was represented by counsel.

15. Despite actual knowledge that Caldwell was represented by counsel, AMCA continued its collection activity by telling Caldwell that they could settle the matter today.

16. Caldwell continued to inform AMCA that she was represented by counsel.

17. AMCA continued to attempt to collect the alleged debt until Caldwell finally hung up the telephone.

18. As a "debt collector", AMCA is required to be licensed by the Arkansas State Board of Collection Agencies pursuant to Arkansas Code Annotated §17-24-301(1) which states that unless licensed by the State Board of Collection Agencies it is unlawful to engage in the collection of delinquent accounts, bills, or other forms of indebtedness.

19. AMCA is not licensed by the Arkansas State Board of Collection Agencies and is forbidden from engaging in the collection of delinquent accounts, bills, or other forms of indebtedness in Arkansas.

20. Violation of a State statute supports a violation of the Fair Debt Collection Practices Act. *Picht v. Hawks, Ltd*, 236 F.3d 446 (8th Cir. 2001).

21. By engaging in the collection of Caldwell's delinquent account through its collection letter and telephone call without the proper license, AMCA is in violation of Arkansas Code Annotated §17-24-301(1).

22. By continuing its attempt to collect the alleged debt after Caldwell informed AMCA that she was represented by counsel, AMCA violated 15 U.S.C. §1692c(a)(2).

23. The actions by AMCA constitute false, deceptive and misleading information in connection with debt collection in violation of 15 U.S.C §1692e.

24. The actions by AMCA constitute unfair or unconscionable means to attempt to collect debt in violation of 15 U.S.C §1692f.

25. The actions by AMCA constitute conduct the natural consequence of which is to harass, oppress or abuse any person in violation of 15 U.S.C. §1692d.

26. The actions by AMCA constitute the threat to take any action that cannot legally be taken in violation of 15 U.S.C. §1692e(5).

## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

27. The averments set forth in paragraphs 1-26 are adopted herein and incorporated as if set forth word for word.

28. AMCA engaged in abusive, harassing, oppressive conduct, false, deceptive or misleading representations, and unfair or unconscionable collection methods in contravention of 15 U.S.C. §1692 as set forth above.

29. The conduct of AMCA represent violations of the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692, et seq.

30. AMCA's conduct represents violations of the FDCPA for which statutory damages apply pursuant to 15 U.S.C. §1692k(a)(2)(A).

## DAMAGES

31. The averments set forth in paragraphs 1-30 are adopted herein and incorporated as if set forth word for word.

32. As a direct and proximate result of the occurrence made the basis of this lawsuit, Caldwell is entitled to the following damages:

    i. actual costs, expenses and attorney fees.
    ii. statutory damages in the maximum amount of: $1,000.00.
    iii. additional actual damages to be determined.

## JURY DEMAND

33. Caldwell demands a jury trial.

## PRAYER

WHEREFORE, Caldwell prays the Court enter judgment in her favor, grant her an award of statutory damages, actual damages as well as her attorney fees and costs.

Respectfully submitted,

BROOKE CALDWELL

By_____
Cecille Doan, Ark Bar 2009246
Center for Arkansas Legal Services
1300 W. 6th St.
Little Rock, AR 72201
(501) 376-3423